UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN COON,

                              Plaintiff,

        -v.-                                              6:06-CV-00609
                                                         (LEK/GHL)
MICHAEL J. ASTRUE,
*Commissioner of Social Security,*

                              Defendant.


**MEMORANDUM-DECISION AND ORDER[1]**

        Before the Court is a Motion for attorneys' fees pursuant to Section 204, Subsection 2412 of

the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412; Motion for fees (Dkt. No. 23).  In this

case, Plaintiff John Coon appealed the decision by Defendant Commissioner of Social Security

denying him Social Security Disability benefits.  See Compl. (Dkt. No. 1).  On February 15, 2007,

the Court entered a Consent Order and Judgment in favor of Plaintiff, reversing the final decision of

the administrative law judge and remanding the case for rehearing, pursuant to sentence four of 42

U.S.C. § 405(g).  Judgment (Dkt. No. 22).  In social security litigation, a plaintiff who succeeds in

obtaining a remand under sentence four of § 405(g) is a "prevailing party," and may pursue

attorneys' fees under the EAJA.  See 42 U.S.C. § 2412(d)(1)(A); Shalala v. Schaefer, 509 U.S. 292,

297-298, 300-301 (1993).  Plaintiff filed this Motion on March 13, 2007, asking for attorneys' fees

totaling $8,174.90, based on 50.50 hours of work on this matter.  Pl.'s Mem. at 1 (Dkt. No. 23,

Attach. 2); Tarantino Aff. at ¶ 13 (Dkt. No. 23, Attach. 1).  Defendant Commissioner opposes the

_____

        [1] For printed publication by the Federal Reporters.

amount of fees requested solely on the ground that the number of hours expended by Plaintiff's counsel was excessive and must be reduced.  See Def.'s Resp. at 1 (Dkt. No. 24).

## I. DISCUSSION

### A. Legal Standard of Reasonable Hours

"The starting point for [a] fee determination is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  In examining a request for attorneys' fees under the EAJA, a court has "broad discretion" to determine the reasonableness of the number of hours upon which the fee request is based.  Aston v. Sec'y of Health and Human Serv., 808 F.2d 9, 11 (2d Cir. 1986).  While it is incumbent upon a court to ensure the number of hours requested is reasonable in light of the circumstances of the case, "[t]he district court need not have scrutinized each action taken or the time spent on it."  Id. (citation omitted).  As Defendant notes, twenty to forty hours is generally considered reasonable in a routine social security case.  See, e.g., Greenidge v. Barnhart, 2005 U.S. Dist. Lexis 1996, *16 n.4 (W.D.N.Y. 2005) (citing cases).  However, courts analyze the reasonableness of the hours requested based on the particulars of the case, and courts in the Second Circuit do not hesitate to award fees for more than forty hours when warranted by the facts.  See, e.g., Aston, 808 F.2d at 11 (200 hours); Colegrove v. Barnhart, 435 F. Supp. 2d 218, 220 (W.D.N.Y. 2006) (nearly 100 hours); Encarnacion v. Barnhart, 2004 WL 102765, *3 (S.D.N.Y. 2004) (80.5 hours); Hinton v. Sullivan, 1991 WL 123960, *5 (S.D.N.Y. 1991) (190.1 hours); Garcia v. Bowen, 702 F. Supp. 409, 411 (S.D.N.Y. 1988) (156.2 hours).

**B. Hours Expended by Plaintiff's Counsel**

Plaintiff's attorney has requested reimbursement for 50.50 billable hours.  Tarantino Aff. at ¶

13 (Dkt. No. 23, Attach. 1).  Annexed to her affidavit in support of this Motion, Plaintiff's attorney

has submitted time records itemizing these hours.  See Motion for fees, Exhibit A (Dkt. No. 23,

Attach. 3).  The hours are broken down as follows: 2 hours preparing the Complaint and filing

information; 11.8 hours reviewing the 570 page record, which consists of over 360 pages of medical

evidence and records; 29.5 hours researching and writing a thirty-page brief; .6 hours responding to

Defendant's offer to remand; .4 hours seeking a settlement of the EAJA claim; and 3 hours

preparing papers filed with the instant Motion.  Pl.'s Mem. at 7 (Dkt. No. 23, Attach. 2).  While

recognizing that 50.50 hours is larger than average, Plaintiff asserts that these hours were reasonable

because of exceptional circumstances present in this case.  Id.

**C. Application of Reasonableness Standard**

Defendant's objection to the reimbursement request is primarily directed at the fact that

Plaintiff's counsel submitted 11.8 hours for reviewing the transcript, apart from the time spent

preparing the brief.  Def.'s Mem. at 3 (Dkt. No. 24).  In considering the reasonableness of the hours

requested, the Court notes that the case involves a plaintiff with a variety of mental impairments,

and the record includes several psychiatric diagnoses, treatment notes and examinations from

multiple doctors, as well as alcohol and drug addiction issues.  See Pl.'s Brief at 2-19 (Dkt. No. 12).

Plaintiff's issues are intertwined and complicated, and extensively documented, with over 360 pages

of medical evidence in the record, in addition to expert testimony.  Because Plaintiff's counsel

received this case on referral after the conclusion of the underlying administrative proceedings, she

argues that it was reasonable to expend 11.8 hours to review the 570-page record, including the 360

3

pages of detailed medical and psychiatric treatment records, prior to preparing the brief. Pl.'s Letter Brief at 1 (Dkt. No. 25). The bulk of the hours submitted for reimbursement, 29.5, were used to prepare Plaintiff's brief. The Court notes that, in recognition of the complicated nature of the case, the Honorable George H. Lowe, U.S. Magistrate Judge, had granted Plaintiff's request for a five-page extension over the normal page limit for Plaintiff's brief. See Nov. 21, 2006 Order (Dkt. No. 14).

Given these circumstances, the Court finds that the hours submitted by Plaintiff's counsel are reasonable, although certainly approaching the high end of that spectrum. Overall, the number of hours submitted for the performance of the tasks in this case appears warranted, and not excessive. In order to provide Plaintiff with quality representation in this case, it was not unreasonable for Plaintiff's counsel to expend a larger number of hours than is required on average to review a transcript and prepare a brief for submission. The Court will not, and could not with any assurance of accuracy, venture into an analysis of whether the transcript review performed by Plaintiff's counsel in 11.8 hours could have been performed a bit more efficiently. In light of the complicated facts and record, it is well within the broad discretion of the Court to find that the hours expended by Plaintiff's counsel in reviewing the transcript and preparing the brief were reasonable, as is clearly true of the hours submitted for each of the other tasks performed by Plaintiff's counsel. Therefore, the Court holds that Plaintiff's counsel should be reimbursed for 50.50 hours, as requested.

**D. Statutory Reimbursement Rate**

Plaintiff requests reimbursement at the current EAJA hourly rate for civil actions, $125.00, augmented by the statutorily authorized cost of living adjustment. Tarantino Aff. at ¶ 9 (Dkt. No.

23, Attach. 1).  So calculated, the reimbursement rate is $161.84 per hour for hours expended during

2006, and $162.50 for hours expended in January 2007.  Id.  Defendant does not object to these

rates, and the Court notes that these rates are appropriate under the EAJA.


### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's Motion for attorney fees (Dkt. No. 23) is **GRANTED** and

Plaintiff is awarded $8,174.90 in accordance with 28 U.S.C. § 2412; and it is further

**ORDERED,** that the full amount of the award be paid directly to Empire Justice Center, in

accordance with Plaintiff's request and accompanying documentation (Dkt. No. 27) that directs the

assignment of any and all EAJA attorneys' fees awarded by the federal court to his counsel, Empire

Justice Center; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:      April 14, 2008
            Albany, New York

Lawrence E. Kahn
U.S. District Judge